IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEVE BUTLER,                    :
                                 :
    Plaintiff,                   :
                                 :
vs.                              :    CIVIL ACTION 13-0571-CG-M
                                 :
LYNN SMITH, et al.,              :
                                 :
    Defendants.                  :

REPORT AND RECOMMENDATION

Plaintiff, an Escambia County Florida prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 and Motion to Proceed Without Prepayment of Fees (Docs. 1, 2). This action, which has been referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72.2 (c)(4), is before the Court for Plaintiff's failure to prosecute.

On January 14, 2014, after review of Plaintiff's Motion to Proceed Without Prepayment of Fees, Plaintiff was ordered to pay a $3.66 partial filing not later than February 13, 2014 (Doc. 3). This Order was mailed to Plaintiff at the Escambia County Jail, P. O. Box 17800, Pensacola, Florida 32522, his last known address, and was returned by postal authorities with the notation "No Longer at This Address" (Doc. 4). Upon receipt of the undeliverable mail, the Clerk re-mailed the Court's Order dated January 14, 2014 (Doc. 3), to Plaintiff at 1806 W.

Lakeview Street, Pensacola, Florida 32501 (Doc. 1) and 712 Blue Spring Drive, Pensacola, Florida 32505 (Doc. 2).  To date, Plaintiff has not responded to the Court Orders, nor have the Orders been return by postal authorities as undeliverable. Plaintiff was previously warned that his failure to notify the Court immediately of a change in address would result in the dismissal of his action for failure to prosecute and to obey the Order of the Court (Doc. 3).

    Because Plaintiff has not notified the Court of a change in his address, the Court finds that Plaintiff has abandoned prosecution of this action.  Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of other available alternatives, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734, 738 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766

F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1993). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate

Judge is not specific.

    DONE this 18th day of February, 2014.

                                            s/BERT W. MILLING, JR.
                                            UNITED STATES MAGISTRATE JUDGE